UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 24-CR-288-JMC |
| v. : | |
| : | |
| STEVE SAXIONES, : | |
| : | |
| Defendant. : | |

**JOINT STATUS REPORT**

The United States of America, through the U.S. Attorney for the District of Columbia, and joined by defendant Steve Saxiones ("Defendant"), through undersigned counsel, hereby submits this Joint Status Report pursuant to this Court's October 3, 2024 Minute Order. The parties respectfully request that this Court set a trial date in this matter for the week of February 10, 2025, or at the Court's soonest convenience thereafter. In support thereof, the parties state as follows:

1. Defendant was charged by complaint on March 25, 2024, and an arrest warrant signed by U.S. Magistrate Judge Moxila A. Upadhyaya was issued on that date. ECF Nos. 1, 5.

2. On April 3, 2024, Defendant was arrested pursuant to that search warrant.

3. Prior to indictment, the government offered multiple times to discuss pre-indictment resolution of the matter with defense counsel, and defense counsel indicated they were still reviewing discovery.

4. On June 14, 2024, the grand jury returned an indictment charging Defendant with violations of 18 U.S.C. § 231(a)(3) (Civil Disorder), 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers), 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or

Grounds), and 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings). ECF No. 14.

5.  The government's production of discovery in this matter is substantially complete. The government made productions of case-specific discovery materials, including video and photographic evidence as well as contents from the FBI's case file, via USAfx on May 1, 2024; May 15, 2024; and August 22, 2024.

6.  The government has also produced full cellular device extractions by hard drive and has notified the defense of additional discovery material (body camera footage of Defendant's April 3, 2024 arrest) available to be produced by hard drive upon request.

7.  In addition, the government has provided defense counsel with access to databases containing materials relevant to Capitol Attack cases generally. As of October 15, 2024, more than 8.25 million files (over 11.89 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 845 digital devices and 464 Stored Communications Act accounts; 50,081 FBI FD-302s and 31,118 related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 530 digital recordings of subject interviews; and 210,537 (redacted or anonymous) tips. Over 32,000 files including body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the defense evidence.com video repository.

8.  On August 23, 2024, the government extended a plea offer to Defendant. That plea offer expired on September 20, 2024.

9.  The parties are prepared to proceed to trial in early 2025. Given counsel's respective schedules in other court matters, the soonest week that both parties are available is the

week of February 10, 2025. The parties would also be available at the Court's soonest convenience thereafter, with the exception of the week of February 24, 2025, when government counsel is scheduled to be in trial in *United States v. Fischer*, No. 21-cr-234-CJN.

10. The parties propose that the Court set a status conference to discuss the pretrial schedule in early January 2025. Both parties are available at the Court's convenience on January 13, 14, 15, or 16, 2025. Both parties agree that the status conference can be held remotely.

11. The parties also request that time from this motion until the date of the next status conference in this matter be excluded from the calculation of time necessary to commence a trial, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, to allow the parties time to prepare. The parties submit that an order excluding time would bet serve the interests and ends of justice and outweigh the interests of the public and Defendant in a speedy trial.

WHEREFORE, the United States and Defendant request that the court set the case for trial the week of February 10, 2005, or at the Court's soonest convenience thereafter; set a status conference for January 13-16, 2025; and exclude the period from November 4, 2024 until the date of that status conference from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

            Respectfully submitted,

            MATTHEW M. GRAVES
            United States Attorney
            DC Bar No. 481052

By:    */s/ Monika (Isia) Jasiewicz*
            Monika (Isia) Jasiewicz
            Assistant United States Attorney

D.C. Bar No. 102491
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov

*Counsel for the United States*

/s/ J. Warren St. John
J. Warren St. John
801 Cherry Street
Unit No. 5, Ste. 2020
Fort Worth, TX 76102
(817) 336-1429
jwlawyer1896@yahoo.com

*Counsel for Defendant*